UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVIA KNIGHT,

             Plaintiff,

                                          Civil Case No. 14-11389

v.                                     Honorable Linda V. Parker

COMMISSION OF SOCIAL
SECURITY,

             Defendant.

_____/

## OPINION AND ORDER

      Plaintiff applied for disability and disability insurance benefits under the

Social Security Act on August 10, 2011, alleging that she became disabled on

March 3, 2011.  The Social Security Administration denied Plaintiff's application

for benefits initially.  Upon Plaintiff's request, Administrative Law Judge Michael

F. Wilenkin ("ALJ")  conducted a de novo hearing on October 18, 2012.  The ALJ

issued a decision on November 5, 2012, finding Plaintiff not disabled within the

meaning of the Social Security Act and therefore not entitled to benefits.  The

ALJ's decision became the final decision of the Social Security Commissioner

("Commissioner") when the Social Security Appeals Council denied review.

Plaintiff thereafter initiated the pending action.

Both parties have filed motions for summary judgment, which were referred to Magistrate Judge R. Steven Whalen.  On April 15, 2015, Magistrate Judge Whalen issued a Report and Recommendation (R&R) in which he recommends that this Court deny the Commissioner's motion for summary judgment and grant Plaintiff's motion to the extent that the case should be remanded for further administrative proceedings.  (ECF No. 19.)  At the conclusion of the R&R, Magistrate Judge Whalen advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  The Commissioner filed objections to the R&R on April 29, 2015.  (ECF No. 20.)  Plaintiff filed a response to the objections on May 13, 2015.  (ECF No. 21.)

## **Standard of Review**

Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994).  "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir.

1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The

Commissioner's findings are not subject to reversal because substantial evidence

exists in the record to support a different conclusion.  *Mullen v. Brown*, 800 F.2d

535, 545 (6th Cir. 1986) (citing *Baker v. Kechler*, 730 F.2d 1147, 1150 (8th Cir.

1984)).  If the Commissioner's decision is supported by substantial evidence, a

reviewing court must affirm.  *Studaway v. Sec'y of Health and Human Servs.*, 815

F.2d 1074, 1076 (6th Cir. 1987).

The court reviews de novo the parts of an R&R to which a party objects.

*See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich.

2001).  However, the Court "is not required to articulate all the reasons it rejects a

party's objections."  *Id*.

## The ALJ's Decision and the R&R

An ALJ considering a disability claim is required to follow a five-step

sequential process to evaluate the claim.  20 C.F.R. § 404.1520(a)(4).  The five-

step process is as follows:

1.    At the first step, the ALJ considers whether the claimant is
      currently engaged in substantial gainful activity.  20 C.F.R.
      § 404.1520(a)(4)(i).

2.    At the second step, the ALJ considers whether the claimant has
      a severe medically determinable physical or mental impairment
      that meets the duration requirement of the regulations and
      which significantly limits the claimant's ability to do basic
      work activities.  20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

3.      At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.  *Id.*

4.      At the fourth step, the ALJ assesses the claimant's residual functional capacity ("RFC") and past relevant work to determine whether the claimant can perform his or her past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).

5.      At the fifth step, the ALJ considers the claimant's RFC, age, education, and past work experience to see if he can do other work.  20 C.F.R. § 404.1420(a)(4)(v).  If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled. *Id.*

If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further.  *Id.*  However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step.  *Id.*  "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At the first step, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since March 3, 2011.  (ECF No. 8-2 at Pg ID 43.)  The

4

ALJ found at step two that Plaintiff has the following severe impairments: low back pain, diabetes, and right leg pain.  (*Id*. at 43-45)  The ALJ next analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not.  (*Id*. at Pg ID 45.)

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a).  (*Id*. at Pg ID 45-48.)  In making this finding, the ALJ noted the following from Plaintiff's testimony:

> The claimant testified that she is unable to work due to chronic low back pain with radiation to her lower extremities.  She testified that she is only able to walk for 5 minutes, sit for 20 minutes, and lift 2 pounds.  She testified that she does no bending and has difficulty with falling.  She testified that she takes Vicodin and Flexeril for chronic pain, and that she no longer drives because she gets easily confused and because getting in and out of the car is painful.  She testified that she is able to care for her personal needs although she has recently developed painful shoulders and difficulty raising her arms over her head.

(*Id*. at 46.)  The ALJ concluded, however, that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" . . . her "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC]."  (*Id*.)  The ALJ summarized Plaintiff's medical records, pointing out that Plaintiff's February 2011 lumbar MRI indicated "no significant nerve root impingement," that Plaintiff "consistently exhibited no tenderness or muscle spasm

in the lumbar spine and no muscle atrophy in any extremity, typically associated with severe and disabling pain," and that she "consistently exhibits full range of motion of the cervical spine, no tenderness of the cervical spine, and good range of motion of the shoulders."  (*Id*. at 46-49.)

The ALJ then concluded that Plaintiff could perform her past work as a telephone receptionist, officer staffer, and office operator, as such work does not require work-related activities precluded by Plaintiff's RFC.  (*Id*. at Pg ID 48.) The vocational expert testified that Plaintiff also was capable of performing such occupations.  (*Id*.)  The ALJ therefore concluded that Plaintiff is not under a disability as defined by the Social Security Act.  (*Id*.)

In his R&R, Magistrate Judge Whalen concludes that the ALJ failed to consider the uncontradicted evidence in Plaintiff's medical records indicating that she experienced "non-exertional" impairments which would limit her to a reduced range of sedentary work.  (ECF No. 29.)  Magistrate Judge Whalen found it particularly troubling that the ALJ gave "significant" weight to the consultative evaluation of Jose Mari G. Jurado, M.D., but then ignored certain findings contained in the evaluation.  (*Id*. at 11.)  As examples, the magistrate judge points out the lack of manipulative impairments in the RFC despite Dr. Jurado's observation that Plaintiff experienced reduced grip strength.  (*Id*., citing A.R. at 286.)  Magistrate Judge Whalen provides as a further example the scant weight

apparently given to Dr. Jurado's findings that Plaintiff experienced a reduced range of motion of the lumbar spine and that her movements were "slow" and "shaky" with "balance issues," which the magistrate judge believes would imply impairment in Plaintiff's ability to perform the postural activities of stooping, kneeling, bending, and crouching.  (*Id*. at 12, citing A.R. 288, 290.)  Magistrate Judge Whalen questions the ALJ's dismissal of Dr. Jurado's accompanying RFC assessment based on the fact that the assessment credited Plaintiff's "subjective complaints regarding sitting, standing, and walking."  (*Id*., citing A.R. at 24.)

Even if Dr. Jurado's findings regarding sitting, standing, and walking were properly rejected on this basis, Magistrate Judge Whalen finds that the ALJ provides no basis for rejecting the manipulative and environmental limitations found in Dr. Jurado's assessment: "namely the finding that Plaintiff was precluded from all overhead reaching and was limited to occasional handling, fingering and feeling and was precluded from work involving environmental hazards."  (*Id*. at 12-13, citing A.R. at 294, 296.)

Due to the problems identified by Magistrate Judge Whalen with respect to Plaintiff's RFC, he also concludes that substantial evidence does not support the RFC for a "full range" of sedentary work.  (*Id*. at 14.)  The magistrate judge finds that the ALJ cited particular portions of Plaintiff's medical records to support his findings, while ignoring other portions that supported Plaintiff's complaints.  (*Id*.,

citing A.R. 205, 265, 283, 300.)  For these reasons, Magistrate Judge Whalen finds

that a remand is required for: (1) the ALJ to articulate his reasons for either

adopting or rejecting the postural, manipulative, and environmental limitations

found in Dr. Jurado's assessment; and (2) if the ALJ finds the presence of non-

exertional limitations, incorporating those into the RFC.  (*Id*. at 15-16.)

The Commissioner asserts five objections to the R&R.  As will be discussed

below, the Court rejects some of those objections and concludes that a remand is

still required.

Objection No. 1

With respect to the magistrate judge's statement that the ALJ did not

adequately account for Dr. Jurado's opinion that Plaintiff could only occasionally

engage in stooping, kneeling, crouching, and crawling, the Commissioner argues

that the RFC adequately accounts for those limitations by restricting Plaintiff to a

full range of sedentary work.  As the Commissioner explains, the Social Security

Administration's official guidance provides that such work does not require more

than occasional stooping, kneeling, crouching, and crawling.  (ECF No. 20 at Pg

ID 426, citing SSR 85-15, 1985 WL 56857, at *7.)  The Commissioner further

points out that stooping, kneeling, crouching, and crawling are not present and do

not exist in the sedentary job of telephone receptionist-- Plaintiff's past work,

which the ALJ concluded she could do. (Id. at Pg ID 427, citing DOT § 237.367-038, 1991 WL 672192.)

The Court finds the Commissioner's objection to be valid. Although Plaintiff argues in response that Dr. Jurado's finding that she is shaky and has balance issues would preclude her from stooping, kneeling, crouching, and crawling while supporting additional weight (ECF No. 21 at Pg ID 436), there is no support in the record for such a contention. Dr. Jurado notes that Plaintiff is "shaky" and has "balance issues", yet he still specifically opined that Plaintiff could occasionally stoop, kneel, crouch. Nevertheless, the validity of the Commissioner's objection does not undercut all of Magistrate Judge Whalen's criticisms concerning the ALJ's decision, as these maneuvers were only some of the limitations noted in Dr. Jurado's assessment that Magistrate Judge Whalen faulted the ALJ for not considering. Additional limitations are discussed below.

<u>Objection No. 2</u>

The Commissioner next objects to the Magistrate Judge's finding that the ALJ erred by failing to account for Dr. Jurado's opinion that Plaintiff cannot tolerate exposure to eight specific environmental conditions: (1) unprotected heights; (2) moving mechanical parts; (3) operating a motor vehicle; (4) humidity and wetness; (5) dust, odors, fumes, and pulmonary irritants; (6) extreme cold; (7) extreme heat; and, (8) vibrations. (*See* A.R. at 296.) The Commissioner argues

9

that these conditions are not present and do not exist in the telephone receptionist job that the ALJ found Plaintiff could perform. (ECF No. 20 at Pg ID 428, citing DOT § 237.367-38, 1991 WL 672192. Thus the Commissioner argues that the ALJ's failure to consider these limitations did not cause Plaintiff prejudice.

The ALJ's failure to account for Plaintiff's environmental limitations may have impacted the RFC, generally, in that those limitations may preclude her from performing the full range of sedentary work. This error, however, was harmless with respect to the ALJ's conclusion that Plaintiff could perform her past work as a telephone receptionist. Again, however, the ALJ's failure to consider other limitations was not harmless error and the potential inclusion of some of those limitations in Plaintiff's RFC may impact her ability to perform her past work as a telephone receptionist. Thus on remand, the ALJ should articulate his reasons for either adopting or rejecting the environmental limitations found in Dr. Jurado's assessment. If the ALJ adopts the assessment, the limitation must be incorporated into the RFC.

## Objection No. 3

The Commissioner next argues that the ALJ did not err in failing to account for Dr. Jurado's opinion concerning Plaintiff's manipulative limitations. The Commissioner contends that substantial evidence (including other portions of Dr. Jurado's assessment) reflects that Plaintiff could use her hands, and that Dr.

Jurado's opinion concerning this limitation was based on Plaintiff's "subjective complaints of 'tightness and tingling' in her hands." (*Id*. at Pg ID 429-30.) The Commissioner argues that while Plaintiff complained of right hand numbness and tingling in early May 2011, she described her symptoms as occurring only "occasionally on and off" during the day. (*Id*. at 429, citing A.R. at 218.) The Commissioner contends that two weeks later, Plaintiff denied any numbness or tingling. (*Id*., citing A.R. at 206.) The Commissioner also notes that State Agency physician B.D. Choi, M.D. reviewed the medical evidence of record and opined that Plaintiff did not have any manipulative limitations. (*Id*. at Pg ID 430-31, citing A.R. at 56.)

First, it is not at all clear in the record cited by the Commissioner that Plaintiff denied numbness or tingling *in her hands* two weeks after she claimed to experience such symptoms occasionally on and off during the day. On the later date, Plaintiff was seen as a new patient at the Pain Clinic of Michigan for a history of lower back pain. (A.R. at 206.) The record reflects that Plaintiff was reporting the symptoms related to her leg pain, only. (*Id*.)

Second, the Court cannot say that Plaintiff's "occasional[]" numbness and tingling in her hands is irrelevant to the ALJ's RFC where Plaintiff reported the symptoms as occurring occasionally *through the day*. Although it is not clear what "occasional" means in this context, for purposes of determining the extent of a

11

claimant's restrictions and capability to do work, the Social Security Rulings provide that it means "occurring from very little up to one-third of the time." SSR 83-10, 1983 WL 31251, at *5 (SSA 1983). Thus in an eight hour work day, Plaintiff possibly could be experiencing numbness and tingling in her hands for over two hours.

Plaintiff, her daughter, and Dr. Jurado may have provided that Plaintiff could use her hands to perform some activities. Nevertheless, Plaintiff may be incapable of doing other activities and have some manipulative limitations that limit her ability to perform a full range of sedentary work. Moreover, Dr. Jurado specifically noted that the manner in which Plaintiff could do the activities identified was "slow" and "shaky." (A.R. at 290.)

The ALJ does not reference Dr. Choi's November 2011 opinion in his decision. "If an ALJ intends to rely on a non-examining source's opinion, he must explain the weight given to the opinion in his decision." *Valdez v. Barnhart*, 62 F. App'x 838, 841 (10th Cir. 2003), citing 20 C.F.R. § 416.927(f)). Moreover, the opinion was rendered six months before Dr. Jurado's assessment.

In short, the ALJ failed to discuss Dr. Jurado's assessment with respect to Plaintiff's manipulative limitations. Thus it is unclear why the ALJ disregarded this opinion while otherwise giving Dr. Jurado's opinion "significant weight." Where an ALJ rejects a treating or nontreating source's medical opinion, the ALJ

12

must provide "specific, legitimate reasons" for such rejection.  *See Barnes v. Comm'r of Soc. Sec'y*, No. 13-11466, 2014 WL 988891, at *8 (E.D. Mich. Mar. 12, 2014); *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (indicating that the ALJ was required to consider examining physician's opinion and "to provide specific, legitimate reasons for rejecting it[.]").  For the reasons discussed above, the Court finds that the Commissioner has not provided a justification for omitting Dr. Jurado's assessment.  As Magistrate Judge Whalen recommends, a remand is appropriate under these circumstances.

Objection No. 4

The Commissioner next takes issue with the magistrate judge's "emphasi[s]" on Plaintiff's complaints of pain at page fourteen of his R&R.  The Commissioner points out that " 'disability requires more than the mere inability to work without pain.' " (ECF No. 20 at Pg ID 431, quoting *Bailey v. Comm'r of Soc. Sec.*, 623 F. Supp. 2d 89, 902 n.12 (W.D. Mich. 2009).)  The Commissioner argues that the ALJ repeatedly acknowledged Plaintiff's pain, found that such pain was a "severe" impairment that significantly limited her ability to perform basic work activities, and accounted for those activities by restricting Plaintiff to sedentary work.  The Commissioner further argues that Plaintiff did not satisfy her burden of establishing that her pain caused any additional limitations.  None of these

13

arguments undermine the magistrate judge's recommendation to remand this matter or the basis for that recommendation, however.

Magistrate Judge Whalen did not base his criticism of the ALJ's decision on the ALJ's treatment of Plaintiff's complaints of pain. In fact, Magistrate Judge Whalen does not recommend that the ALJ reconsider on remand whether Plaintiff's complaints of pain support further limitations in her ability to work. Instead, the magistrate judge's discussion of Plaintiff's pain on page fourteen of the R&R was simply to provide an example of the ALJ's myopic reading of the medical records, including Dr. Jurado's assessment of Plaintiff's limitations. In short, the Commissioner's objection is not relevant to whether this matter should be remanded and therefore the Court rejects it.

Objection No. 5

The Commissioner's final objection relates back to her objections concerning Plaintiff's non-exertional impairments. For the reasons set forth in her first four objections, the Commissioner takes issue with the magistrate judge's statement in the R&R "that 'the medical records contain *uncontradicted* evidence that Plaintiff . . . experienced non-exertional impairments which would limit her to a reduced range of sedentary work.' " (ECF No. 20, quoting R&R at 11 (emphasis added by the Commissioner).) Putting aside the issue of whether the evidence is contradicted or uncontradicted, there certainly is evidence supporting non-

14

exertional limitations that would impair Plaintiff's ability to perform the full range of sedentary work. The ALJ failed to address that evidence. Thus a remand is needed.

Conclusion

For the reasons discussed above, the Court rejects some of the Commissioner's objections to the R&R and adopts Magistrate Judge Whalen's recommendation to deny the Commissioner's summary judgment motion and grant Plaintiff's motion to the extent that this matter is remanded for the ALJ to address Dr. Jurado's assessment of Plaintiff's postural, manipulative, and environmental limitations. If the ALJ finds the presence of non-exertional limitations, the limitations shall be incorporated into the RFC. If necessary, additional vocational testimony should be taken.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 14) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for summary judgment (ECF No. 17) is **DENIED**;

**IT IS FURTHER ORDERED**, that this matter is **REMANDED** pursuant

to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the

R&R.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 27, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, July 27, 2015, by electronic and/or U.S.
First Class mail.

s/ Richard Loury
Case Manager

16